UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHAWN SMITH #786975,

    Plaintiff,                                                Hon. Hala Y Jarbou

v.                                                           Case No. 1:22-cv-205

HEIDI DRISENGA, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before me on Defendant Brent Simon's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. (ECF No. 15.) Plaintiff has failed to respond to Defendant's motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c). Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendant's motion be **GRANTED**.

Plaintiff, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) at Bellamy Creek Correctional Facility (IBC), has sued Defendants Heidi Drisenga and Brent Simon pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants were deliberately indifferent to his serious medical need, in violation of the Eighth Amendment, by failing to treat an injury to his right knee. Plaintiff alleges that on December 17, 2021, while playing basketball on the housing unit court at IBC, he slipped on some ice and injured his right knee. (ECF No. 1 at PageID.3.) Although Corrections Officer Valdez informed health care that Plaintiff required medical attention, staff informed Valdez that they could not see Plaintiff that day because they were short staffed. (*Id.*) As to Defendant Simon, Plaintiff alleges that on January 13, 2022, four

1

weeks after he was injured, he received a call out to see Defendant Simon. Plaintiff claims that Defendant Simon is responsible for medical care generally at IBC and for arranging specialized medical care off site. (*Id.* at PageID.4.) On January 27, 2022, Simon deprived Plaintiff of his crutches, and he still had not seen a doctor. Plaintiff alleges that Defendant Simon delayed treating Plaintiff's injury for over two months. (*Id.*)

Defendant Simon moves for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which Defendant bears the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [Defendant]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019).

In support of his motion, Defendant Simon attaches a Step III Grievance Report showing grievances that Plaintiff exhausted through Step III during the relevant period of time. (ECF No. 15-1.) The Step III report shows that Plaintiff did not exhaust any grievance through Step III during this time. Defendant Simon also submits a Step I grievance, No. IBC 21-2826-12E1, which Plaintiff submitted on December 21, 2021. (ECF No. 15-3 at PageID.65.) The grievance was denied on January 6, 2022. (*Id.* at PageID.66.) Plaintiff appealed the denial to Step II, and it was resolved on February 11, 2022. (*Id.* at PageID.68–69.) Although Plaintiff would not have been required to appeal this grievance to Step III, Defendant Simon notes, correctly, that the grievance did not mention him. Instead, Plaintiff only identified Defendant RN Drisenga, and the subject of the grievance was denial of medical care from December 19–21, 2021. (*Id.* at PageID.65.) The grievance could not have exhausted Plaintiff's claim against Defendant Simon for two reasons. First, the grievance was filed on December 21, 2021, but Plaintiff was first called out to see Simon on January 13, 2022—more than three weeks after Plaintiff the grievance. Second, Plaintiff did not name Simon in the grievance. The MDOC grievance policy requires a prisoner to include in his grievance the "[d]ates, times, places, and *names* of all those involved in the issue being grieved." MDOC Policy Directive 03.02.130 ¶ R (effective 01/18/2019) (italics added). Therefore, this grievance did not exhaust Plaintiff's claim in accordance with the MDOC's grievance procedure. *See Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009) (affirming dismissal for lack of exhaustion where the plaintiff failed to comply with MDOC Policy Directive 03.02.130's explicit requirement that he name in the grievance each person against whom the grievance was directed); *Moorer v. Price*, 83 F. App'x 770, 772 (6th Cir. 2003) (holding that the plaintiff did not properly exhaust his claim against the warden because he did not identify her in the grievance and did not articulate any claim against her); *Sanders v. Bachus*, No. 1:07-cv-360,

3

2009 WL 4796739, at *5 (W.D. Mich. Dec. 9, 2009) ("[T]his grievance did not name Defendant Schilling. Therefore, even it if had been properly filed, it would not have sufficed to exhaust Plaintiff's administrative remedies as to Defendant Schilling.").

Accordingly, Defendant Simon has met his burden of demonstrating that Plaintiff failed to exhaust his administrative remedies with regard to his claim against Defendant Simon.

## CONCLUSION

For the foregoing reasons, I recommend that the Court grant Defendant Simon's motion for summary judgment for lack of exhaustion (ECF No. 15), and that Plaintiff's claim against him be **dismissed without prejudice**.

Dated: September 8, 2022                         /s/ Sally J. Berens
                                                                 SALLY J. BERENS
                                                                 U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).